UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW,

               Plaintiff,

-against-

NEW YORK STATE DOCCS, et al.,

               Defendants.

21-CV-4457 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, currently incarcerated at Eastern NY Correctional Facility (Eastern NY), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Eastern NY correctional staff violated his rights at that facility. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at Eastern NY, which is located in Ulster County, New York. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1) or (2). Plaintiff's claims arose in

Ulster County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, *see* § 1391(b)(2), and this action is transferred to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 4, 2021
        New York, New York

                                                  /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[1] Plaintiff is barred under 28 U.S.C. § 1915(g) from filing any new federal civil action *in forma pauperis* (IFP) while a prisoner. *See Crichlow v. Crowley*, No. 15-CV-6587 (W.D.N.Y. Jan. 7, 2019) (listing strikes). But because Plaintiff alleges that he faces an "imminent danger" at Eastern NY, this Court defers to the transferee court a determination as to whether he satisfies the statutory exception to that filing bar. *See* § 1915(g) (permitting a prisoner barred from filing a federal civil action IFP to proceed IFP if he "is under imminent danger of serious physical injury").